UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MAYRANI RAMIREZ NAVA,

              Petitioner,

v.

KEVIN RAYCRAFT et al.,

              Respondents.

_____/

Case No. 1:26-cv-1827

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of her current detention following an order issued by the Detroit Immigration Court denying her bond and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.23–24.) In an Order entered on June 17, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on June 23,

2026, (ECF No. 4), and Petitioner filed her reply on June 24, 2026, (ECF No. 5). Thereafter, pursuant to an Order of the Court, Respondents filed the recording of the May 26, 2026, bond hearing on July 24, 2026. (Recording of May 26, 2026, Bond Hearing, filed on July 24, 2026.)

## II.    Factual Background

Petitioner is a native and citizen of Mexico who entered the United States on February 10, 2020.[1] (Notice to Appear (NTA), ECF No. 1-2, PageID.27.) On March 8, 2026, DHS agents arrested Petitioner. (Pet., ECF No. 1, PageID.9.)

On April 30, 2026, Petitioner filed a § 2241 petition challenging her initial detention without a bond hearing in *Ramirez Nava v. Raycraft* (*Ramirez Nava I*), No. 1:26-cv-1421 (W.D. Mich.). In *Ramirez Nava I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Ramirez Nava I*, (W.D. Mich. May 20, 2026), (ECF Nos. 6, 7).

On May 26, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.11.) At the conclusion of the May 26, 2026, hearing, in a written order, the Immigration Judge (IJ) denied Petitioner's request for bond, stating: "Flight risk. [Petitioner] has a previous failure to appear for criminal court." (IJ Order, ECF No. 4-1, PageID.71.)

## III.    Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S.

---

[1] Petitioner was paroled into the United States until February 7, 2021. (Parole Stamp, ECF No. 1-2, PageID.31.) DHS agents arrested Petitioner on March 8, 2026, after her parole expired.

Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Analysis

In this case, Petitioner argues that her detention following the Detroit Immigration Court's bond hearing violates the Due Process Clause of the Fifth Amendment. (*See generally* Pet., ECF No. 1.) Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### Conclusion

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:       July 29, 2026                      /s/ Jane M. Beckering
                                                Jane M. Beckering
                                                United States District Judge


3